**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

RALF MONDONEDO,

        Plaintiff,

v.

        Case No.      07-4059-JAR

SALLIE MAE INC.,
SLM FINANCIAL CORP.,

        Defendants.

**ORDER**

This matter comes before the court upon defendant Sallie Mae's Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Petition (Doc. 6). Plaintiff has filed a respond (Doc. 7). Defendant Sallie Mae has not filed a reply and the time to do so has passed.[1] Also pending before the court is defendants' Motion to Suspend Discovery in Compliance with Rule 26(f) (Doc. 10). Plaintiff has not filed a response and the time to do so has passed.[2]

**Defendants' Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Petition (Doc. 6).**

As discussed below this motion is granted.

        **Background**

Defendants removed the present case from state court. In turn, plaintiff filed a Motion to Strike Notice of Removal and an accompanying Motion for Sanctions (Docs. 5 and 6). While these motions are not presently before the court and will not be ruled upon herein, the court takes note that

---

[1] *See* D. Kan. Rule 6.1(d)(2).

[2] *See* D. Kan. Rule 6.1(d)(1).

parties disagree about whether this action is properly in federal court.[3] Plaintiff filed his original petition in the District Court of Shawnee County, Kansas on April 15, 2007.[4] Defendant Sallie Mae received a copy of the Summons and Petition "on or about April 23, 2007" and thus defendant Sallie Mae argues its answer or responsive pleading is due on May 23, 2007.[5] Defendants removed this case on May 17, 2007.[6] On May 23, 2007, defendant Sallie Mae filed the present motion seeking to extend its answer or responsive pleading deadline until June 22, 2007. On June 14, 2007, without first receiving leave of court, both defendants filed separate answers.[7]

The present motion seeks to extend defendant Sallie Mae's deadline to otherwise plead or answer plaintiff's petition from May 23, 2007 to June 22, 2007. Plaintiff vehemently opposed this request arguing that defendants are in default because of Rule 81(c) of the Federal Rules of Civil Procedure.[8] Plaintiff also argues that defendants' removal of the present action and request for extension of time are "without merit, frivolous and in bad faith, intended solely for the purpose of continuing harassing Petitioner and to increase the expense of this litigation to Petitioner's detriment."[9]

---

[3] Motion to Extend (Doc. 6) at p. 1.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *See* Answer to Complaint by Sallie Mae, Inc. (Doc. 11); Answer to Complaint by SLM Financial Corporation (Doc. 12).

[8] Response (Doc. 7) at p. 3.

[9] *Id.* at p. 4.

**Standard**

Rule 81(c) provides in part:

In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, which period is longest.

D. Kan. Rule 6.1(a) provides in part "Extensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect."

**Discussion**

Based upon the dates stated by defendant Sallie Mae in the present motion, the court finds that defendant Sallie Mae's Motion to Extend was timely filed. Defendant Sallie Mae contends that it received a copy of the Summons and Petition on or about April 23, 2007. Adding an additional 20 days to this date would make the May 23, 2007 filing of the present motion untimely.

However, defendants filed their Notice of Removal on May 17, 2007 and the present motion on May 23, 2007, six days later.[10] Under Rule 6(a) "[i]n computing any period of time prescribed or allowed by these rules . . . . [w]hen the period of time is prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

In the present case May 19 and 20, 2007 were a Saturday and a Sunday. As a result, under Rule 6(a), defendant Sallie Mae had until Thursday May 24, 2007 to file its answer or otherwise plead, or as in this case, to file a motion to extend this deadline pursuant to D. Kan. Rule 6.1(a). Consequently, defendant Sallie Mae's May 23, 2007 filing of the present motion was timely under

---

[10] *See* Notice of Removal (Doc. 1); Motion to Extend Time of Otherwise Plead (Doc. 6).

Rule 81(c)and D. Kan. Rule 6.1(a).

As to plaintiff's other arguments that both the removal of this action and the present request for extension are designed to harass plaintiff, the court finds these claims baseless and without merit. While the court will not herein decide the removal issue, as to the present motion for extension plaintiff has failed to indicate any sort of actual prejudice plaintiff would suffer should the court grant defendant Sallie Mae's extension.

**Defendants' Motion to Suspend Discovery in Compliance with Rule 26(f) (Doc. 10).**

Plaintiff has not filed a response to the present motion and under D. Kan. Rule 6.1(d)(1) the time to do so has passed. Normally, "[t]he failure to file a brief or response within the time specified with Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[11]

In the present motion, defendants[12] seek to suspend Discovery in Compliance with Rule 26(f). Fed. R. Civ. P. 26(d) provides in part "Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Defendants received plaintiff's First Request for Admissions and First Request for Production of Documents on May 2, 2007.[13]

---

[11]*See* D. Kan. Rule 7.4

[12]Unlike the Motion to Extend (Doc. 6) both defendants bring the present motion.

[13]Motion Suspend Discovery (Doc. 10) at p. 1.

Here, plaintiff's action is not one enumerated under Rule 26(a)(1)(E). Moreover, it is undisputed that the parties have not conferred as required by Rule 26(f). As a result, the court finds that defendants need not answer plaintiff's First Request for Admissions and First Request for Production of Documents received on May 2, 2007 until after the parties Rule 26(f) conference has occurred. Moreover, plaintiff is instructed not to seek other discovery before the parties have conferred as required by Rule 26(f). For the sake of clarity and expediency, the court will deem plaintiff's First Request for Admissions and First Request for Production of Documents as served on defendants on the date of the parties' Rule 26(f) conference. Defendants' deadline to respond and or object to these requests will be calculated from that date. Moreover, now that defendants have filed answers the court will subsequently issue a initial order setting a deadline for the parties Rule 26(f) planning conference.

Accordingly, and for good cause shown,

IT IS THEREFORE ORDERED that defendants' Motion to Extend Time to Answer or Otherwise Respond to Plaintiff's Petition (Doc. 6) and defendants' Motion to Suspend Discovery in Compliance with Rule 26(f) (Doc. 10) are granted.

IT IS FURTHERED ORDERED that defendant Sallie Mae, Inc.'s Answer (Doc. 11) is deemed timely.

IT IS SO ORDERED.

Dated this 25th day of June, 2007, at Topeka, Kansas.

                                           s/ K. Gary Sebelius
                                           K. GARY SEBELIUS
                                           United States Magistrate Judge