ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RALF MONDONEDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 07-4059-JAR |
| SLM FINANCIAL CORP. and ) | |
| SALLIE MAE INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

The Court now considers plaintiff's Motion to Strike Respondent's [sic] Notice of Removal (Doc. 4) and Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Doc. 5.) In the motion to strike, plaintiff argues that this case was improperly removed from state court based on federal question jurisdiction. The motions are now fully briefed and the Court is prepared to rule. The Court denies both of plaintiff's motions, as described more fully below.

**I.    Motion to Strike Notice of Removal**

Because plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[1] However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a

---

[1]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). Although it is evident from the documents filed along with the notice of removal that this plaintiff attended law school, there is no indication that he is a member of any state's bar. Accordingly, the Court applies the same standard that it would apply to any other *pro se* non-attorney plaintiff. If plaintiff is indeed a member of the bar of Kansas or any other state, it is imperative that he advise the Court of such membership and review Section XII of the local rules for this District, governing attorneys admitted to practice before this court.

legal theory on a plaintiff's behalf."[2]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[3]  Additionally, a *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[4]  The Court liberally construes plaintiff's motion to strike as a motion to remand the case to state court.[5]

Only state court actions that could have originally been filed in federal court are removable.[6]  The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[7]  As the party invoking the federal court's jurisdiction, defendants carry the burden of demonstrating that the requirements for exercising jurisdiction are present.[8]  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction,[9] and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[10]  "Doubtful

---

[2]*Id.*

[3]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[4]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[5]*See* 28 U.S.C. § 1447(c).

[6]28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[7]*Id.* § 1447(c).

[8]*See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[9]*Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[10]*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

cases must be resolved in favor of remand."[11]

There are two statutory bases for federal subject matter jurisdiction. First, under 28 U.S.C. § 1332, federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exist. Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction. In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[12]

Defendants removed this action on the basis of federal question jurisdiction. In order to determine whether a claim "arises under" federal law, the Court refers to the "well-pleaded complaint rule."[13] That rule provides that "federal jurisdiction exists only when a federal question is presented on the facts of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[14]

The Court has reviewed plaintiff's Petition that was filed in the Shawnee County District Court and removed by defendants. The Court agrees with defendants that a federal claim under the Fair Debt Collections Practices Act ("FDCPA") appears on the face of the Petition. Plaintiff

---

[11]*Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995) (further citations omitted)).

[12]28 U.S.C. § 1367.

[13]*See Turgeau v. Admin. Rev. Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006).

[14]*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

alleges in multiple places that defendants violated the FDCPA and that he is entitled to statutory damages under the Act.[15]  As such, the defendants have satisfied their burden of showing that this Court has subject matter jurisdiction over the claims made in the Petition.

Plaintiff argues that defendants have misconstrued his Petition.  For example, plaintiff alleges:

> 42.  Defendant violated 15 U.S.C. 1692f and 1692e by attempting to collect amounts not permitted by law and the false representation of the legal status of the alleged debt.
> 43.  As a result of the foregoing violation of the FDCPA, the Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs.

But plaintiff maintains that because he does not explicitly delineate these paragraphs as "Claims," as he does with his state law claims, he is not asserting a federal cause of action.  The Court finds this reading conflicts with the well-pleaded complaint rule that it must apply when determining whether plaintiff's claims arise under federal law.  The Court is unable to read the allegations in this Petition as not asserting a claim under the FDCPA under the well-pleaded complaint rule.

Plaintiff also argues that multiple abstention doctrines bar this Court's jurisdiction.  Plaintiff is mistaken.  Federal court abstention applies in cases where there is concurrent jurisdiction by federal and state courts over the same subject matter.[16]  In the case of removal, a case is moved to federal court and "the State court shall proceed no further unless and until the

---

[15](Doc. 1, Ex. A at 3, 4, 11, 12.)

[16]*See generally* 32A Am. Jur. Fed. Courts § 1049 (providing overview of various abstention doctrines).

4

case is remanded."[17]  Because there is no pending state court action, abstention is inappropriate.

Because the Court has original jurisdiction over the federal claims, it may properly exercise supplemental jurisdiction over the state law claims.[18]  Plaintiff's motion to strike, construed as a motion to remand, is accordingly denied.

## II.     Motion for Sanctions

Plaintiff asks for sanctions against defendants under Fed. R. Civ. P. 11 for removing this action based on "legal contentions that are unwarranted by existing law or by frivolous argument to purely delaying [sic] to answer to Petitioner-Plaintiff' [sic] Complaint."[19]  The Court advises plaintiff to review the statute pertaining to remand, which provides for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when an order of remand is entered.  *Martin v. Franklin Capital Corp*[20] sets out the appropriate standard for awarding such fees under the statute:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees.  When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes"

---

[17] 28 U.S.C. § 1446(d).

[18] 28 U.S.C. § 1367.

[19] (Doc. 5 at 2.)

[20] 126 S. Ct. 704 (2005).

of awarding fees under § 1447(c).[21]

As described above, the Court does not find remand to be appropriate and cannot find that the removing party lacked an objectively reasonable basis for removing this case. Therefore, sanctions are not warranted in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Strike Respondent's Notice of Removal (Doc. 4) and Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (Doc. 5) are **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of August 2007.

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[21]*Id.* at 711 (citations omitted).