lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RALF MONDONEDO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 07-4059-JAR |
| SALLIE MAE, INC. and ) | |
| SLM FINANCIAL CORPORATION, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Ralph Mondonedo, proceeding *pro se*, filed this action[1] alleging that defendants Sallie Mae, Inc. ("Sallie Mae") and SLM Financial Corporation ("SLM") violated various provisions of the Kansas Consumer Protection Act ("KCPA")[2] and the Fair Debt Collection Practices Act ("FDCPA")[3] in connection with plaintiff's student loans. This matter is before the Court on plaintiff's Motion for Partial Summary Judgment on his FDCPA claim (Doc. 28) and SLM's cross Motion for Summary Judgment (Doc. 49). For the reasons explained in detail below, the Court denies plaintiff's motion and grant's SLM's motion.

**I.    Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no

---

[1] Defendant Sallie Mae removed the action from the District Court of Shawnee County, Kansas on May 17, 2007 (Doc. 1).

[2] K.S.A. 50-601 et seq.

[3] 15 U.S.C. § 1692.

genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[4] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[5] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[6] An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[7]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[8] In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[9]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[10] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[11] Rather, the nonmoving party must

---

[4]Fed. R. Civ. P. 56(c).

[5]*Spaulding v. United Transp. Union,* 279 F.3d 901, 904 (10th Cir. 2002).

[6]*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998)).

[7]*Adler,* 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

[8]*Spaulding,* 279 F.3d at 904 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).

[9]*Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler,* 144 F.3d at 671).

[10]*Anderson,* 477 U.S. at 256; *Celotex,* 477 U.S. at 324; *Spaulding,* 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

[11]*Anderson,* 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.,* 256 F.3d 1013, 1017 (10th Cir. 2001).

"set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[12] To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[13] "Where, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts."[14]

Summary judgment is not a "disfavored procedural shortcut"; on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[15] In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[16] When examining the underlying facts of the case, the Court is cognizant that it may not make credibility determinations or weigh the evidence.[17]

Finally, because plaintiff is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[18]

---

[12]*Mitchell v. City of Moore, Okla.,* 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler,* 144 F.3d at 671).

[13]*Adams,* 233 F.3d at 1246.

[14]*James Barlow Family Ltd. P'ship v. David M Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997) (citation omitted).

[15]*Celotex,* 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[16]*Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

[17]*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[18]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). Although it is evident from the documents filed along with the notice of removal that this plaintiff attended law school, there is no indication that he is a member of any state's bar. Accordingly, the Court applies the same standard that it would apply to any other *pro se* non-attorney plaintiff. If plaintiff is indeed a member of the bar of Kansas or any other state, it is imperative that he

However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[19] The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[20] Additionally, a *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[21]

## II.   Statement of Uncontroverted Facts

The following facts are either uncontroverted, stipulated to, or taken in the light most favorable to plaintiff. Plaintiff Ralf Mondonedo is the borrower under four student loan agreements executed in June 2001, July 2002, April 2003 and September 2003. Defendant Sallie Mae, Inc. ("Sallie Mae") is engaged in the business of processing, collecting, purchasing and attempting to enforce student loans. Defendant SLM Financial Corporation ("SLM") is a Delaware corporation and a separate legal entity from Sallie Mae. Plaintiff refers to defendants as one entity, defendant "SLM Financial Corporation, Sallie Mae, Inc." Plaintiff alternatively contends that the loans were entered into with defendant, that the loans were sold by defendant on behalf of Wells Fargo Bank, and that defendant serviced the loan on behalf of Wells Fargo Bank.

Plaintiff's obligation to repay the loans began on December 10, 2006, at which time he

---

advise the Court of such membership and review Section XII of the local rules for this District, governing attorneys admitted to practice before this court.

[19]*Id.*

[20]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[21]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

contends he made regular monthly payments. On February 17 and March 30, 2007, plaintiff sent defendant Sallie Mae letters detailing certain errors in his loan statements. On April 16, 2007, plaintiff filed suit against defendants alleging violations of the KCPA and FDCPA, and in June 2007, he stopped making payment on his loans pending resolution of his claims. Sallie Mae has continued to send plaintiff and his co-borrowers correspondence to collect on the debt and has contacted plaintiff in an effort to collect plaintiff's loan obligation. Plaintiff characterizes both defendants' efforts as harassing, insulting and threatening.

## III.  Discussion

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[22] The FDCPA does not "prohibit a debt collector from merely attempting to collect on a debt. Nor are threats to take legal action or to report a debtor to credit agencies actionable, unless the action threatened cannot legally be taken, is not intended to be taken, or involves the communication of false information."[23]

A consumer may have a cause of action under the FDCPA if the defendant comes within the definition of "debt collector." The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect,

---

[22]*Davis v. United Student Aid Funds, Inc.*, 45 F. Supp. 2d 1104, 1107 (D. Kan. 1998) (quoting 15 U.S.C. § 1692(e)).

[23]*Whayne v. United States Dep't of Educ.*, 915 F. Supp. 1143, 1145 (D. Kan. 1996).

directly or indirectly, debts owed or due or asserted to be owed or due another."[24]  Among other exceptions, the Act excludes the following entities from the definition of "debt collector":

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; . . . [and] any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (F) . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . .[25]

These exclusions place the entity outside the scope of and liability under the FDCPA.[26]

To present a claim under the FDCPA, the claimant must show that the monetary obligation in dispute is a "debt" under the terms of the Act and that the entity collecting the debt is a "debt collector."[27]  The Act, however, includes multiple exceptions to the term "debt collector."  The District Court of Kansas has discussed the Congressional rationale for limiting the scope of the Act:

> Legislative history of the [FDCPA], indicates that the Congress intended to target *third-party or independent collectors* of delinquent debts because unlike creditors, whose actions are often restrained by their desire to protect their good will, independent contractors will generally have no future contact with the consumer and are therefore likely to place less importance on the consumer's opinion of their debt collection tactics.[28]

---

[24]15 U.S.C. § 1692a(6).

[25]15 U.S.C. § 1692a(6)(A), (F).  There are various other exclusions included within § 1692a(6)(A)-(F).

[26]*Davis*, 45 F. Supp. 2d at 1108.

[27]*Dean v. Gillette*, No. 04-2100-JWL, 2005 WL 957043, at *3 n.3 (D. Kan. Apr. 25, 2005); *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 13-14 (D. Mass. 2004).

[28]*Alvano v. Am. Bank*, No. 89-2340-O, 1989 WL 156815, at *1 (D. Kan. Nov. 3, 1989) (citing *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1485-86 (M.D. Ala. 1987)).

Therefore, a consumer's creditors are not "debt collectors"[29] and the FDCPA does not apply to individuals who are collecting on their own debts rather than those of another.[30]

An entity that does not own the loan but merely "services" the loan is treated as a "creditor" and generally is not subjected to the FDCPA.[31] Where the debt was assigned for servicing before default of the loan, the assignee is exempt from the Act because the assignee becomes a creditor and is collecting its own debt.[32] "[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."[33] A servicing company is subject to the FDCPA if the loan was in default at the time the servicing company acquired the loan account.[34] If the debt was not actually in default when the servicing company acquired it, if it was acquired as a debt in default and the servicing company based its collection activities on that understanding, the servicing company is subject to the Act as a "debt collector."[35] In other words, if the servicing company was mistaken as to the status of the loan, if it treated the account as if it were

---

[29]*Zsamba v. Cmty. Bank*, 63 F. Supp. 2d 1294, 1300 (D. Kan. 1999); *see* 15 U.S.C. § 1692a(6)(F) ("The term ['debt collector'] does not include – . . . (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person; . . .").

[30]*Munk v. Fed. Land Bank of Wichita*, 791 F.2d 130, 132 (10th Cir. 1986); *Dean*, 2005 WL 957043, at *2.

[31]*See Johnson v. Sallie Mae Servicing Corp.*, 102 F. App'x 484, 487 (7th Cir. 2004) (citing *Bailey v. Security Nat'l Servicing Corp.*, 154 F.3d 384 (7th Cir. 1998)).

[32]*See Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996)

[33]*Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (citations omitted).

[34]*F.T.C. v. Check Investors, Inc.*, 502 F.3d 159, 173-74 (3d Cir. 2007).

[35]*See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003).

in default, the § 1692a(6)(F)(iii) exclusion does not apply.[36]

Plaintiff moves for summary judgment on the merits of his FDCPA claim. In response, both Sallie Mae and SLM raise the threshold issue of whether Sallie Mae is a "debt collector" for purposes of the Act.[37] In addition, SLM moves for summary judgment on the grounds that it is not a proper party to this action. The Court will address each issue in turn.

*Debt Collector*

Sallie Mae alleges that it is exempt from the FDCPA because it fits within the statutory exception that officers or employees of a creditor who are collecting debts for such creditor in the name of the creditor are not liable under the Act.[38] Sallie Mae argues that plaintiff repeatedly acknowledges in his motion that all contact has been with employees of Sallie Mae, who have been attempting to enforce student loans entered into with Sallie Mae. Plaintiff counters that Sallie Mae has been collecting a debt on behalf of the lender, Wells Fargo Bank.

While it is apparent from the record that Sallie Mae services the loan for Wells Fargo Bank, neither party submits any evidence to show when the loans were assigned to Sallie Mae for servicing and/or the status of plaintiff's loans when acquired. Accordingly, the issue of whether Sallie Mae is a debt collector or exempted from the Act remains in dispute, and plaintiff

---

[36]*Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-273, 2008 WL 618788, at *4 (S.D. Ohio Mar. 3, 2008).

[37]Plaintiff's argument that defendants have waived any claim to exemption as an affirmative defense under Fed. R. Civ. P. 8(c) is without merit. Sallie Mae clearly raises the issue in the Pretrial Order (Doc. 45 at 13-14), which supercedes all pleadings and controls the subsequent course of the case. *See Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002); Fed. R. Civ. P. 16(e).

[38]15 U.S.C. § 1692a(6)(A).

is not entitled to partial summary judgment.[39]

### *Separate Entities*

SLM seeks dismissal of plaintiff's claims against it on the grounds that it is a separate legal entity from Sallie Mae. SLM asserts that it has made no loans to plaintiff, has had no contact with plaintiff or his co-borrowers, and has not undertaken any collection activity against the plaintiff. Defendant counters that SLM is part of the same corporate structure of the Sallie Mae business organization and that SLM has contacted him in an attempt to collect and enforce his student loans.

Although SLM does not explain the nature of its business or its relationship with Sallie Mae, it appears from the corporate structure printout attached to plaintiff's response that it is an arm of the Sallie Mae corporate structure, and is identified as dealing with consumer credit.[40] Review of the record verifies that it was Sallie Mae, not SLM, who serviced and communicated with plaintiff regarding his student loans. Copies of the documents identified by plaintiff as "reflecting the name of" SLM,[41] appear to have been sent by facsimile to an unidentified recipient from "SLM—Office of Gen. Couns." on April 25, 2007, and are attachments to Sallie Mae's Notice of Removal of plaintiff's complaint from Shawnee County District Court.[42] These documents, which include copies of the loan agreements, a summary of plaintiff's accounts and

---

[39]In so ruling, the Court notes that Sallie Mae proffered its argument that it was outside the scope of the FDCPA by way of response only, and did not move for summary judgment on this threshold legal issue. Even if Sallie Mae had provided a record on this issue, the Court would be without authority to enter judgment in Sallie Mae's favor under these circumstances.

[40](Doc. 51, Ex. 1.)

[41](Doc. 51, Ex. 7.)

[42](Doc. 1.)

invoices, all identify Sallie Mae as the holder of plaintiff's student loans.  Moreover, the Court's review of the record did not find any correspondence, documents or loan agreements to, from or involving SLM.  Affidavits submitted by plaintiff's co-borrowers all identify Sallie Mae as the party that contacted them regarding plaintiff's student loans.  Indeed, Sallie Mae admits that its employees and representatives contacted plaintiff and his co-borrowers, although it denies that these contacts were in violation of the FDCPA.   Accordingly, the Court will grant SLM's motion for summary judgment and dismisses it as a party from this action.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Partial Summary Judgment on his FDCPA claim (Doc. 28) is DENIED;

**IT IS FURTHER ORDERED** that defendant SLM Financial Corporation's Motion for Summary Judgment (Doc. 49) is GRANTED.

IT IS SO ORDERED.

Dated this 29th day of September 2008.

             S/ Julie A. Robinson
             Julie A. Robinson
             United States District Judge